[Civ. No. 11243. First Appellate District, Division One.—December 4, 1940.]

OLGA BOELLAARD et al., Minors, etc., Appellants, v. JOHN L. CRABBE et al., Respondents.

Francis Gill and Mrs. Mary Conway Kohler for Appellants.

Louis Oneal, Arthur G. Shoup and Duncan Oneal for Respondents.

WARD, J.—This is an appeal from a judgment of nonsuit, granted in an action by plaintiff minors, by the guardian of their estates, to recover damages for the wrongful death of the parents of the minors, killed when their automobile was struck at a street crossing in Redwood City by a train of the defendant Southern Pacific Company, which was being operated by Witte Hoogendyk and John L. Crabbe, as engineer and fireman respectively. The driver of the automobile had slackened speed at the crossing to allow a northbound train to pass, and the decedents were killed when the car was driven across the track over which this train had just passed, and directly into the path of a southbound train.

The court granted the nonsuit upon the ground (1) that there was no evidence of negligence on the part of the defendants proximately causing the injury; (2) that if there was such negligence "I find that contributory negligence, as

a matter of law, was imputed to the other party in the car for all the reasons advanced by counsel for the defendant.'' Plaintiffs appeal from the judgment and from the order denying their motion for a new trial.

In support of the theory of negligence on the part of respondents, appellants refer to an ordinance of the city of Redwood City which they claim prohibits the operation of the train involved herein at a speed exceeding forty-five miles an hour, and they contend that, regardless of the ordinance, the record shows respondents were guilty of negligence as a matter of law in operating the train at an excessive speed at the time and place of the accident.

■■ There is some evidence that at the time of the collision, the train was traveling at seventy miles an hour. There is also some evidence from which an inference might be drawn that no whistle warning was sounded by the southbound train on approaching the crossing; that the two-train flashing red light did not operate; that the wigwag signal installation was in violation of an order of the Railroad Commission, and that all of the signals were inadequate to notify those intending to cross the track of the approach of this particular train. The weight of such evidence is not for this court or the trial court to pass upon. It involved questions of fact which should have been presented to the jury unless contributory negligence as a matter of law was established.

The trial court stated that if the respondents were negligent ''contributory negligence, as a matter of law, was imputed to the other party in the car''. To pass upon this question of imputed negligence necessitates considerable guessing as to facts not sufficiently established in the present record. Whether the father or mother was driving may be determined only by inferences drawn from certain testimony. The fireman on the train testified that the driver of the car wore a hat. After the accident, only a man's hat was found. One of the minor plaintiffs, ten years of age, testified that at the time of the accident she was eight years old and that she remembered that her father would go from home to the train ''in a car with my mother''. A friend of decedents testified that the wife had learned to drive and that she would take her husband to the station and then bring the car back home. An eye witness testified that the woman was sitting on the right of the driver's seat. There was sufficient con-

flict in the evidence to have required the jury to pass upon the alleged contributory negligence of the driver of the car, whether it was the father or the mother.

The motion for nonsuit was granted, as above stated "for all the reasons advanced by counsel for the defendant". These reasons appear in respondents' brief. The following is their statement of the question involved: "May infant children recover for death of their mother where she was admittedly killed by the negligent operation of the automobile in which she was riding when the inferences from the evidence offered by plaintiffs are that the mother herself was operating said automobile?" In their argument in support of the motion for nonsuit, respondents state: "The evidence produced by the plaintiffs further proves as a matter of law, that the driver of the decedent's automobile was guilty of contributory negligence as a matter of law. . . . the plaintiff charges in paragraph four of the complaint that the father was the driver of the automobile. However, there is a very definite conflict in the evidence over that point, the inference from the evidence being that the mother was the driver. Of course, nobody knows. . . . There is a question as to who was the driver of this automobile. In any event, whoever was the driver was undoubtedly guilty of contributory negligence as a matter of law, the negligence which proximately caused the accident as a matter of law. I realize that the plaintiff would not be bound by any negligence of the person who was not driving the automobile—in other words, that if the father was driving, I think it is well established that the negligence of the father resulting in the death of the mother, would not be imputed to the children. . . . However, assuming that the mother was driving, this is a community of these two people, and the presumption is that the father, if he were not driving, he at any rate had some control over the operation of the automobile by his wife. . . . Now, here is a peculiar situation. We do not know who was the driver of that machine, but whoever it was that person was guilty of contributory negligence. Of course there is a presumption in law that these people were exercising due care for their own safety, but I submit that the physical testimony, and the testimony of Mrs. Fahey, displaces this presumption as to the driver of the automobile; the pleadings

say it was John Boellaard, but the testimony does not show who it was."

There was some testimony that the father was driving the car, and there is presumption that the driver, whoever it was, was using due care not only for himself but likewise for the other occupant of the car. (*Westberg* v. *Willde,* 14 Cal. (2d) 360 [94 Pac. (2d) 590].) It was for the jury to determine whether there was any proof of contributory negligence. If it found there was none, it was not necessary to consider the question of the imputed contributory negligence to the children.

There is a further question in this case; that of imputed negligence in the event of proof of contributory negligence. Respondents, in presenting the motion for nonsuit, conceded that "plaintiff would not be bound by any negligence of the person who was not driving the automobile". We refrain from expressing approval or disapproval of this statement for the reason that (1) it is not necessary to a disposition of the present question on appeal; (2) the point has not been briefed by either side. The above is a mere reference to the question by respondents. There was a statement by appellants to the effect that negligence of the driver could not be imputed for the death of the mother. The point is of such grave importance that it should not be decided on this appeal without direct or implied findings on the facts, and without mature consideration of the law by both sides and the court. For the reasons stated, further comment seems unnecessary.

No statement herein is intended as an expression of opinion as to the truth or falsity of, or the weight to be attached to, any part of the evidence.

The appeal taken from the order denying the motion for a new trial, being a nonappealable order, is dismissed. The judgment is reversed and the cause remanded for further proceedings in accordance with the views herein expressed.

Peters, ·P. J., and Knight, J., concurred.